UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM HUSSEY,

Plaintiff,

Case No. 2:18-cv-10316-DPH-EAS
Hon. Denise Page Hood

v.

GLENN R. MATECUN, P.C.,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER TO COMPLAINT FOR**
**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

NOW COMES Defendant, GLENN R. MATECUN, P.C., by and through its attorneys, SECREST WARDLE, and for its Answer to Plaintiff's Complaint, states as follows:

1. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

2. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

3. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

4. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

5. No contest.

6. On advice of counsel, Defendant objects to allegation No. 6 for the reason the same calls for a conclusion. Without waiving said objection, Defendant denies the allegation No. 6 for the reason that same is untrue in the manner and form alleged.

**JURISDICTION AND VENUE**

7. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

8. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

9. No contest.

10. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

**DEFENDANT**

11. No contest.

**THE COPYRIGHTED WORK AT ISSUE**

12. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

13. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

14. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

**INFRINGEMENT BY DEFENDANT**

15. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

16. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

17. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

18. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

19. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

20. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

21. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

22. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

23. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

24. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

25. Defendant incorporates the responses in Paragraph 1 through 24 above to this Answer as if fully set forth herein.

26. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

27. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

28. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

29. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

30. For lack of information, Defendant neither admits nor denies this allegation, and leaves Plaintiff to his proofs.

31. Defendant denies this allegation for the reason the same is untrue in the manner and form alleged.

WHEREFORE, Defendant prays for a judgment of no cause of action on Plaintiff's Complaint.

SECREST WARDLE

By: /s/ Anthony A. Randazzo
ANTHONY A. RANDAZZO (P68602)
Attorney for Defendant
2600 Troy Center Drive
P.O. Box 5025
Troy, MI 48007-5025
(248) 851-9500/(248) 538-1223 (Fax)
arandazzo@secrestwardle.com

Dated: March 14, 2018

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

NOW COMES Defendant, GLENN R MATECUN, P.C., by and through its attorneys, SECREST WARDLE, and by way of Affirmative and/or Special Defenses, states that it will rely upon and assert in its defense the following Affirmative Defenses:

1. Plaintiff's claims fail to state a cause of action upon relief can be granted in whole or in part.

2. Plaintiff's claims are barred in whole or in part by the Statute of Limitations.

3. Plaintiff's cause of action is barred in whole, or at least in part, by its failure to plead or show irreparable harm.

4. Defendants will show upon trial of the above-entitled action that an adequate legal remedy is available for any and all damages or injuries proven by the Plaintiff.

5. Plaintiff's cause of action is barred in whole, or at least in part, by the equitable Doctrine of Latches

6. Defendants will show upon trial of the above-entitled action that Plaintiff waived its claim.

7. If there exists a contract between the parties hereto, knowledge of which is presently lacking, Plaintiff's cause of action is barred in whole, or at least in part, by the terms and conditions of the subject contract.

8. Plaintiff's cause of action is barred in whole, or at least in part, by Plaintiff's failure to mitigate damages.

9. Plaintiff's Complaint must be dismissed, in whole or at least in part, as Plaintiff does not have standing to sue.

10. Plaintiff's Complaint must be dismissed, in whole or at least in part, as Plaintiff is not the proper party in interest.

11. Plaintiff's copyright infringement claim is barred in whole, or at least in part, because the works Plaintiff claims were infringed do not have sufficient creativity to be copyrighted.

12. Plaintiff's copyright claim is barred in whole, or at least in part, by the Doctrine of Estoppel.

13. Plaintiff's copyright claim is barred in whole, or at least in part, by the Fair Use Doctrine.

14. Plaintiff's claim for copyright infringement is barred in whole, or at least in part, by Defendant's innocent intent.

15. Plaintiff's copyright claim is barred in whole, or at least in part, because Plaintiff used its copyright in violation of public policy embodied in the grant of copyright.

16. Plaintiff's claim of copyright infringement is barred in whole, or at least in part, because Plaintiff is not the owner of the copyright.

17. Plaintiff's claim of copyright infringement is barred in whole, or at least in part, because the assignment of the copyright to Plaintiff is not valid.

18. Plaintiff's copyright claim is barred in whole, or at least in part, because the copyrighted material is in the public domain.

19. Plaintiff's copyright infringement claim is barred in whole, or at least in part, because Plaintiff's works were not registered with the U.S. Copyright Office.

20. Plaintiff's copyright infringement claim is barred in whole, or at least in part, because Plaintiff is not the author of the subject copyright.

21. Plaintiff's copyright claim is barred in whole, or at least in part, by the Statute of Limitations, 17 U.S.C. §507(b).

22. Plaintiff's cause of action is barred in whole, or at least in part, by a licensed right and authority to the Defendant.

23. Plaintiff's copyright infringement claim is barred in whole, or at least in part, because Plaintiff's registration with the U.S. Copyright Office was more than three months after the first publication.

24. Plaintiff's copyright infringement claim is barred in whole, or at least in part, for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered the works.

25. Plaintiff's cause of action is barred in whole, or at least in part, by 17 U.S.C. §101, et seq., commonly referred to as the "Copyright Act".

26. Plaintiff's claims are barred in whole, or at least in part, by the Doctrine of Unclean Hands.

27. Plaintiff's claims are barred in whole, or at least in part, because Plaintiff is not the real party in interest.

28. Plaintiff's claims are barred in whole, or at least in part, because any all alleged claim of infringement claimed, which is denied, was *de minimis*.

29. Defendant reserves the right to raise additional Affirmative Defenses as they become known to the Defendant throughout the course of discovery.

SECREST WARDLE

By: /s/ Anthony A. Randazzo
ANTHONY A. RANDAZZO (P68602)
Attorney for Defendant
2600 Troy Center Drive
P.O. Box 5025
Troy, MI 48007-5025
(248) 851-9500/(248) 538-1223 (Fax)
arandazzo@secrestwardle.com

Dated: March 14, 2018

**JURY DEMAND**

Defendant, GLENN R. MATECUN, P.C., hereby demands a trial by jury on all issues so triable.

SECREST WARDLE

By: /s/ Anthony A. Randazzo
ANTHONY A. RANDAZZO (P68602)
Attorney for Defendant
2600 Troy Center Drive
P.O. Box 5025
Troy, MI 48007-5025
(248) 851-9500/(248) 538-1223 (Fax)
arandazzo@secrestwardle.com

Dated: March 14, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2018, I electronically filed the foregoing **Defendant's Answer to Complaint, Special and/or Affirmative Special Defenses and Jury Demand** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Jerold I. Schneider (P20029)/Email: jerold.schneider@sriplaw.com
Schneider Rothman Intellectual
Property Law Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431

Alexander C. Cohen, Esq./Email: alex.cohen@sriplaw.com
Schneider Rothman Intellectual
Property Law Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431

/s/ Anthony A. Randazzo__________________
ANTHONY A. RANDAZZO (P68602)

4591649_1